UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| CHERRYL KIRILENKO-ISON, et al., | )<br>) |
| Plaintiffs, | ) Civil Action No. 5: 18-435-DCR<br>) |
| V. | )<br>) |
| BOARD OF EDUCATION OF<br>DANVILLE INDEPENDENT SCHOOLS, | ) **MEMORANDUM OPINION**<br>) **AND ORDER**<br>) |
| Defendant. | ) |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Cherryl Kirilenko-Ison and Susan Bauder-Smith filed this action against the Board of Education of Danville Independent Schools asserting claims for: (i) an alleged violation of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*; (ii) alleged retaliation under the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344; (iii) alleged retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; (iv) a claimed failure to accommodate and constructive discharge, and (v) an alleged violation of the Kentucky Whistleblower Act, Ky. Rev. Stat. § 61.102. This Court granted summary judgment in favor of the defendant on all claims and the plaintiffs appealed. The United States Court of Appeals for the Sixth Circuit affirmed this Court's decision on the failure to accommodate, constructive discharge, and the Kentucky Whistleblower Act claims, but reversed on the retaliation claims.

The plaintiffs' retaliation-based claims focus on allegations that the plaintiffs were disciplined, reprimanded, denied accommodations, constructively discharged, and/or forced to resign because they advocated for the rights of two children, D.M. and C.J., who are disabled within the meaning of the Americans with Disabilities Act, the Kentucky Civil Rights Act, and

-1-

Section 504 of the Rehabilitation Act. Plaintiff Bauder-Smith alleges that she was retaliated against because the defendant failed to rehire her when she applied for a full-time nursing position with the school district. Plaintiff Kirilenko-Ison's retaliation claims rest on the assertion that she was suspended for five-days without pay for advocating for D.M. and C.J.

The matter is tentatively set for trial beginning March 8, 2022. The defendant has filed objections to the plaintiffs' proposed exhibit list. [Record No. 73] The majority of the defendant's objections are that many of the plaintiffs' exhibits are irrelevant, prejudicial, and lack any foundation. Next, the defendant contends that certain documents are not self-authenticating. And it argues that a portion of exhibits were not previously disclosed. Finally, the defendant requests that 45 of the plaintiffs' exhibits be placed under seal and/or properly redacted.

  i. <u>Relevance, Lack of Foundation, and Prejudice</u>

The defendant objects to introduction of the following exhibits, arguing that they lack a foundation, are irrelevant, and will likely confuse the jury:

> PX 1. Danville Classification Plan – District Health Coordinator
> PX 5. C.J.'s §504 Plan and Student File
> PX 6. (As labeled, listed as 7 on Exhibit List) Defendant's Bus Procedure for Student Seizure with Diastat
> PX 7. (As labeled, not listed on Exhibit List) Unidentified Text Messages With Unidentified Handwritten Annotations
> PX 12. December 15, 2016 email to McKinney from Plaintiff Kirilenko-Ison
> PX 13. July, 2017 Contract for Employment
> PX 14. August 17, 2017 Resignation letter from Plaintiff Kirikenko-Ison to Look
> PX 27. (As labeled, listed as 28 on Exhibit List) December 10, 2015 email from Michelle Cerver (sic) to Lee RE: change in D.M.
> PX 28. (As labeled, listed as 29 on Exhibit List) May 11, 2016 email from mother of D.M.
> PX 29. (Not on Exhibit List) May 11, 2016 email from LM
> PX 30. May 12, 2016 email to Look RE: Ms. M.
> PX 31. May 12, 2016 email from Lee to Look RE: Ms. M.
> PX 32. February 29, 2016 email from Gilliam to Beth Lee

>PX 33. March 2, 2016 email from Gilliam to Lee
>PX 34. March 17, 2016 email from Gilliam to Kirilenko-Ison
>PX 35. May 12, 2016 email from Gilliam to Kirilenko-Ison RE: D.M.
>PX 38. November 30, 2016 email
>PX 45. May 12, 2016 email to Look
>PX 48. May 17, 2016 email from Kirilenko-Ison to Look

It asserts that many of these documents "lack any foundation to be presented to the jury" because the evidence does not relate to the retaliation claims. Additionally, the defendant argues that "any asserted relevance is outweighed by the likelihood of confusion to the fact finder." The defendant also objects to submitting to the jury any annotations made by the plaintiffs on the exhibits. It contends that such would be prejudicial and not admissible under Rules 401 and 402. The defendant also reserves its objections under Rules 402 and 403 until the presentation of the proffered foundation evidence at trial.

"Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006) (explaining that "[t]he standard for relevancy is extremely liberal"). Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Additionally, the Court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

When there is an arguable basis for admitting challenged evidence, "[t]he better practice is to deal with questions of admissibility as they arise." *Morningstar v. Circleville Fire & EMS Dep't*, No. 2: 15-cv-3077, 2018 U.S. Dist. LEXIS 131291, at *2 (S.D. Ohio Aug. 6, 2018) (quoting *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). Having reviewed the exhibits and the defendant's mostly vague, speculative

objections under Federal Rules of Evidence 401 to 403, the Court will defer ruling on the relevance objections until trial when the Court will be in a better position to assess whether the proper foundation is laid, whether the evidence is relevant, and whether the probative value of any evidence is outweighed by the danger of unfair prejudice.

    ii.    <u>Self-Authentication of Documents</u>

The defendant objects to the following documents because they do not meet the requirements for self-authentication under Federal Rule of Evidence 902:

> PX6. (as labeled, listed as 7 on Exhibit List) Defendant's Bus Procedure for Student Seizure with Diastat
> PX7. (As labeled, not listed on Exhibit List) Unidentified Text Messages With Unidentified Handwritten Annotations
> PX 38. November 30, 2016 email
> PX 27. (As labeled, listed as 28 on Exhibit List) December 10, 2015 email from Michelle Cerver (sic) to Lee RE: change in D.M.
> PX 28. (As labeled, listed as 29 on Exhibit List) May 11, 2016 email from mother of D.M.
> PX 29. (Not on Exhibit List) May 11, 2016 email from LM
> PX 30. May 12, 2016 email to Look RE: Ms. M.
> PX 31. May 12, 2016 email from Lee to Look RE: Ms. M.
> PX 32. February 29, 2016 email from Gilliam to Beth Lee
> PX 33. March 2, 2016 email from Gilliam to Lee
> PX 34. March 17, 2016 email from Gilliam to Kirilenko-Ison
> PX 35. May 12, 2016 email from Gilliam to Kirilenko-Ison RE: D.M.
> PX 45. May 12, 2016 email to Look

There is no requirement that documents must be self-authenticating to be entered into evidence. Exhibits merely need to be authenticated, meaning that there is evidence to conclude that the item or document is what the proponent says it is. Fed. R. Evid. 901(a). Rule 901(b) includes a non-exhaustive list of ways evidence can be authenticated, separate from self-authenticating documents. *See United States v. Bertram*, 259 F. Supp. 3d 638, 640 (E.D. Ky. 2017). For example, e-mails can be authenticated if the sender or recipient of an e-mail testifies about the e-mail. *Bertram*, 259 F. Supp. 3d at 640-43. Even a person with a personal history

-4-

of communicating with the sender or recipient of an e-mail could authenticate an e-mail if they testified about the distinctive characteristics of the e-mail. *Id.* One of the witnesses may testify a trial regarding the authenticity of the above listed e-mails and documents.

Accordingly, the Court will reserve ruling on authentication objections until trial.

    iii.    <u>Exhibits Not Previously Disclosed</u>

The defendant also asserts that the following documents were not previously produced in discovery or attached as an exhibit to a deposition:

> PX 7. (As labeled, not listed on Exhibit List) Unidentified Text Messages With Unidentified Handwritten Annotations
> PX 6. C.J.'s healthcare plan email to O'Connell
> PX 24. November 3, 2016 email from Plaintiff Bauder-Smith to McKinney
> PX 26. (As labeled, listed as 27 on Exhibit List) January 12, 2018 Plaintiff Bauder-Smith's application status

A plaintiff who does not provide the information required by Rule 26, "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The test for exclusion under Rule 37(c) is "very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010) (internal quotations omitted).

The plaintiffs do not provide any reason or excuse for why the documents listed were not previously disclosed. In fact, they do not respond at all to the objection that the above-listed documents were not previously disclosed. Accordingly, to the extent the documents were not disclosed during discovery or at a deposition, the documents will be excluded, and the plaintiffs may not use them in presenting evidence at trial.

  iv. <u>Sealing</u>

Finally, the defendant requests that following documents be placed under seal because they reference or contain personally identifiable confidential information regarding non-party minors. The defendant also objects to the incomplete redaction contained in some of these exhibits. The documents that the defendant requests to be sealed and properly redacted are:

 PX 4. D.M. Diabetes Medical Plan and Records
 PX 5. C.J.'s § 504 Plan and Student File
 PX 8. May 19, 2016 email from Plaintiff Kirilenko-Ison to Beth Lee
 PX 9. October 28, 2016 email to O'Connell RE: CJ 504 Plan
 PX 10. October 28, 2016 email to O'Connell RE: CJ
 PX 11. December 9, 2016 email to McKinney from Plaintiff Kirikenko-Ison
 PX 12. December 15, 2016 email to McKinney from Plaintiff Kirikenko-Ison
 PX 15. March 12, 2016 D.M. Statement
 PX 16. October 25, 2016 email from Plaintiff Bauder-Smith to McKinney
 PX 17. October 28, 2016 email concerning health plan
 PX 18. October 28, 2016 email chain concerning care plans
 PX 19. October 28, 2016 email to O'Connell, Nye and Kirilenko-Ison
 PX 20. October 28, 2016 email from Plaintiff Bauder-Smith to McKinney
 PX 21. October 28, 2016 email from Bauder-Smith to McKinney and Kirilenko-Ison
 PX 22. November 1, 2016 email from Plaintiff Bauder-Smith to McKinney
 PX 23. November 3, 2016 responsive email to McKinney from Plaintiff Bauder-Smith
 PX 24. (As labeled, listed as 25 on Exhibit List) December 8, 2016 email to McKinney
 PX 25. (As labeled, listed as 26 on Exhibit List) December 15, 2016 email from Bauder-Smith to McKinney
 PX 28. (As labeled, listed as 29 on Exhibit List) May 11, 2016 email from mother of D.M.
 PX 29. (Not on Exhibit List) May 11, 2016 email from LM
 PX 30. May 12, 2016 email to Look RE: Ms. M.
 PX 31. May 12, 2016 email from Lee to Look RE: Ms. M.
 PX 32. February 29, 2016 email from Gilliam to Beth Lee
 PX 33. March 2, 2016 email from Gilliam to Lee
 PX 34. March 17, 2016 email from Gilliam to Kirilenko-Ison
 PX 35. May 12, 2016 email from Gilliam to Kirilenko-Ison RE: D.M.
 PX 36. October 12, 2016 email to mother of C.J. from Nye
 PX 37. October 26, 2016 email from Nye to McKinney
 PX 39. October 12, 2016 email to Nye and Kirilenko-Ison from C.J's mother
 PX 40. October 12, 2016 email from T.J. to Mancy Bye and Kirilenko-Ison

      PX 41. Text of the Complaint from C.J's mother regarding Kirilenko-Ison
      PX 42. October 11, 2016 email from McKinney to Robin Kelly
      PX 43. October 11, 2016 email from Robin Kelly to McKinney
      PX 44. Handwritten notes concerning the investigation of Plaintiff Kirilenko-Ison
      PX 45. May 12, 2016 email to Look
      PX 46. May 13, 2016 email from Lee to Look
      PX 47. May 12, 2016 email from Look to Kirilenko-Ison RE:update
      PX 48. May 17, 2016 email from Kirilenko-Ison to Look
      PX 49. Interview and Mother Complaint of T.J.
      PX 50. December 15, 2016 email from Plaintiff Bauder-Smith to McKinney
      PX 51. October 26, 2016 email to Bauder-Smith concerning C.J.
      PX 52. October 26, 2016 email from McKinney to Plaintiff Bauder-Smith and Nye
      PX 53. January 3, 2017 email from McKinney to Robin Kelly
      PX 54. October 11, 2016 email
      PX 55. October 26, 2016 C.J. health plan email.

"The public has a strong interest in obtaining the information contained in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016). And the Court's discretion to seal records is limited by "the presumptive right of the public to inspect and copy judicial documents and files." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473-74 (6th Cir. 1983). There are two general categories of information that may outweigh the public's interest in access to judicial records. *Harrison v. Scott*, No. 2:18-cv-1023, 2021 U.S. Dist. LEXIS 111541, at *2 (S.D. Ohio June 15, 2021). They are: (i) information that should be sealed "to keep order and dignity in the courtroom" and (ii) "content-based exemptions, which include certain privacy rights of participants or third parties, trade secrets, and national security." *Id*. (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)) (internal quotations omitted). Additionally, Rule 5.2(a) of the Federal Rules of Civil Procedure requires that public filings include only a minor's initials and the year of an individual's birth.

Here, the defendant seeks to seal medical information and records of third-party children, along with multiple e-mails that discuss the issues the plaintiffs were having with the management and care of the children. The undersigned agrees that the children's health plans and student files included in exhibits PX 4, PX 5, PX 49 should be sealed to protect sensitive medical information of third-party minors. However, sealing is not necessary regarding the remaining exhibits. Instead, redaction should sufficiently protect the privacy of the minor children occasionally discussed in the exhibits. In accordance with Rule 5.2(a), and to the extent the children are mentioned by name in the exhibits, the exhibits should be redacted to include only the initials of the minor children and their parents. Upon review, the plaintiffs' exhibits numbers 28, 32, 33, 34, 35, 36, 37, 39, 40, 45, 47, 48 are not properly redacted.

Finally, the defendant requests that anything in PX 5. C.J.'s §504 Plan and Student File unrelated to C.J. should be excised, but PX 5 only appears to include documents related to C.J. and his care. Accordingly, that objection will be overruled.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1.  The defendant's objections to the plaintiffs' exhibit list are **SUSTAINED**, in part, **OVERRULED**, in part, and **DEFERRED** for ruling until trial, in part. Objections related to the relevance and authentication of the exhibits are **RESERVED** for trial.

2.  To the extent the following documents were not previously disclosed, they are **EXCLUDED** from being used at trial:

> PX 7. (As labeled, not listed on Exhibit List) Unidentified Text Messages With Unidentified Handwritten Annotations
> PX 6. C.J.'s healthcare plan email to O'Connell
> PX 24. November 3, 2016 email from Plaintiff Bauder-Smith to McKinney

PX 26. (As labeled, listed as 27 on Exhibit List) January 12, 2018 Plaintiff Bauder-Smith's application status

3.  PX 4. D.M. Diabetes Medical Plan and Records, PX 5. C.J.'s § 504 Plan and Student File, and PX 49. Interview and Mother Complaint of T.J. shall be placed **UNDER SEAL**.

4.  The plaintiffs are directed to confirm that all relevant exhibits are properly redacted so that only the initials of the minor children and their parents are visible.

5.  The defendant's request for any information unrelated to C.J. be removed from PX 5. C.J.'s § 504 Plan and Student File is **OVERRULED**.

Dated: November 23, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky